# Dean *v.* The State.

*Violating Section* 5368, *Code of* 1896.

(Decided Feb. 7th, 1907. · 43 So. Rep. 24.)

1. *Street Railroads; Operation; Regulation.*—Section 5368, Code 1896, does not apply to a street railway.
2. *Criminal Law; Appeal; Presumption.*—Where it appeared that the railroad was being operated by a street railway company, and there was no affirmative evidence to the contrary, it will be presumed on appeal that the road was a street railway, and that the prosecution under the statute, was not within the terms of the statute.

APPEAL from Bessemer City Court.

Heard before Hon WILLIAM JACKSON.

Louis R. Dean was convicted of a violation of Code 1896, § 5368, making it an offense for the conductor of a railroad train to fail to keep a sufficiency of good drinking water thereon, and he appeals.

THOMAS T. HUEY, for appellant.—A violation of this statute, section 5368, is purely a statutory offense and the indictment must follow the language of the statute. *Miles v. The State*, 94 Ala. 106; *Agee v. The State*, 25 Ala. 67; *Giles v. The State*, 89 Ala. 50. The evidence in this case does not bring the defendant within the grade

[Dean v. The State.]

of conductors as provided by the statute. A street railway is not a railway in the sense used by the statute.—27 A. & E. Ency. of Law, p. 5; *Cedar Rapids R. R. Co. v. Cedar Rapids,* 106 Ia. 476; *Williams v. City Electric Street R. R. Co.,* 41 Fed. 556; *Newell v. Minneapolis R. R. Co.,* 35 Minn. 112; *Cincinnati Electric Street Ry. Co. v. Cincinnati, etc., R. R. Co.,* 12 Ohio Cir. 112; Nellis on Street Railways, page 6.

MASSEY WILSON, Attorney-General, for State.—Defendant was properly convicted.—*L. & N. R. R. Co. v. Anchors,* 114 Ala. 494; *Birmingham Mineral R. R. Co. v. Jacobs,* 92 Ala. 187.

ANDERSON,—J. The defendant was indicted and convicted under section 5368 of the Code of 1896, which reads as follows: "Railroad companies must keep good lights on their night trains, and a sufficiency of good drinking water on all trains; and every conductor, who runs any train without lights or water, as required by this section, must, on conviction, be fined not less than one hundred, nor more than five hundred dollars." This section was enacted for the purpose of giving force and effect to section 3456 of the Code of 1896, and which reads as follows: "Every railroad company shall keep good lights on night trains, and on all trains sufficient fresh drinking water"—and which was intended for the comfort and convenience of passengers.

The facts are not such as to enable us to determine whether or not the line upon which the cars were operated is technically a street railway, or what is commonly known as a "railway," and which point it is unnecessary for us to decide, as the pivotal point is whether or not the defendant was the conductor upon such a train as is contemplated by the terms of the statute above quoted. It may be that the cars as described, one motor car and a trailer, would be technically termed a "train," whether operated on a street or other railway, and that many of the statutes governing railroads would be applicable to the company for which the defendant was working; but this court has said, in speaking through Justice COLEMAN, in the case of *Birmingham Min. R. R. Co. v. Ja-*

*cobs,* 92 Ala. 187, 9 South. 320, 12 L. R. A. 830. "There are many sections in the Code applicable to railroads which do not and were not intended to apply to street railways." Whether the general law is applicable to this case must be determined from the purpose and intent of the statute.—Nellis on St. R. R., p. 6. The cars in question, while operated between Birmingham and Bessemer, a distance of 14 miles, were ordinary electric cars, such as are used on street railways, and seem to have been operated as such, notwithstanding other cars sometimes hauled freight over the line. The proof shows that the cars left the station every half hour, and took on and landed passengers anywhere along the line. Can it be urged with any degree of common sense that a passenger would suffer or be inconvenienced from not being supplied with drinking water during the time it would ordinarily take for these cars to make a trip? We think not, and that the cars upon which the defendant was conductor were not such a train as is contemplated by the criminal statute.

We are not unmindful of what was held in the case of *L. & N. R. R. Co. v. Anchors,* 114 Ala. 492, 22 South. 279, 62 Am. St. Rep. 116. There it was held that the statute requiring trains to stop at crossings applied to cars operated by electricity, for the reason that people travelling upon such cars were entitled to the same protection against collisions at crossings as those traveling on ordinary railroads operated by steam; a wise holding, as the stopping of cars at crossings, regardless of the kind or how operated, would tend to prevent collisions and thus protect human life. In the case at bar it would almost be a legal absurdity to hold that drinking water on these cars is essential to the health, comfort, or convenience of passengers. We think that this statute was intended to apply to such trains as were known at the time of its first enactment, when electric street or suburban cars were unknown; trains upon which people journeyed or traveled, and not cars making frequent trips during the day, connecting points not remote or far distant, and used by people daily and oftener as a means of getting to or from their place of business, or

[Thompson v. The State.]

for transacting business in close and convenient localities.

My brothers while concurring in the reversal of the judgment, place their concurrence upon the proposition that the testimony is wholly insufficient to support the conviction. It does not appear by that measure of proof required that the railroad upon which the train was run by defendant as a conductor was not a street railroad. If such was the character, it is clear to them that the statute under which the indictment was preferred has no application. Indeed, the testimony established that the railroad was being operated by a street railway company, and there is nothing shown, in their judgment, which sufficiently overcomes this fact. Every other fact proved is entirely compatible with this one. And clearly, in the absence of some affirmative evidence to the contrary, it will not be presumed the road was not a street railroad. I do not think it makes any difference whether the line was a street car line or not, in a technical sense, as the cars upon which the defendant was a conductor were not such a train as is contemplated by the statute.

The judge of the city court erred in finding the defendant guilty, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., concur.