# Dean v. The State.

*Failure of Conductor to Keep Sufficient Good Drinking Water on Train.*

(Decided Feb. 6, 1908.   45 South. 651.)

1. *Criminal Law; Special Finding by the Court; Effect.*—The statute does not authorize the special finding of facts in criminal cases by the court, and, hence, such finding can have no effect on appeal.

2. *Street Railways; Drinking Water on Trains.*—*Statutory Provision.*—Sections 5368, Code 1896, has no application to conductors on electric motor cars running between places twelve or thirteen miles distant and requiring from thirty to forty-five minutes for the trip.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Louis R. Dean was convicted of violating Code 1896, § 5368, requiring conductors of trains to keep thereon sufficient good drinking water, and he appeals. Reversed, and defendant discharged.

T. T. HUEY, for appellant. The section under which the indictment was drawn was intended for the comfort and convenience of passengers.—*Dean v. The State*, 149 Ala. 34. The offense being purely statutory, the indict-

ment must follow the language of the statute.—*Miles v. The State*, 94 Ala. 106; *Giles v. The State*, 89 Ala. 50; *Agee v. The State*, 25 Ala. 67. The railway in question was not such as is contemplated by the statute—27 A. & E. Ency. of Law, 5; *Cedar Rapids, etc., R. Co. v. Cedar Rapids*, 106 Ia. 476; *Williams v. City Electric Ry. Co.*, 41 Fed. 556; *C. E. S. R. R. Co. v. Cincinnati*, 12 Ohio Cir. 113; *Newell v. Minneapolis*, 35 Minn. 112; *Bir. Min. R. R. Co. v. Jacobs*, 92 Ala. 187.

ALEXANDER M. GARBER, Attorney General, for the State. There was no necessity for an election.—*Carl v. The State*, 125 Ala. 89; *Willis v. The State*, 134 Ala. 429. The court properly found the defendant guilty on the facts.—*Dean v. State*, 43 So. 24; *Anniston E. L. E. Co. v. Hewitt*, 139 Ala. 442; *Birmingham Co. v. Powell*, 136 Ala. 232, 241; *Birmingham R. & T. Co. v. Baylor*, 101 Ala. 488, 498; *Birmingham R. & E. Co. v. Allen*, 99 Ala. 359; *Ensley Co. v. Chewning*, 93 Ala. 24; *Birmingham Min. Co. v. Jacobs*, 92 Ala. 187.

DOWDELL, J.—This is the second appeal in this case. *Dean v. State*, 149 Ala. 34, 43 South. 24. The case was tried by the court below without a jury. There was a special finding of the facts by the court, and judgment rendered thereon. We know of no law authorizing a special finding of facts by the court in the trial of a criminal case, and hence such special finding can exert no influence on this appeal.

There is a bill of exceptions in the record, which purports to set out all of the evidence had on the trial. Under section 14 of an act approved February 28, 1901 (Loc. Acts 1900-01, p. 1862), establishing the city court of Bessemer, the Supreme Court is required on appeal to review judgments and conclusions of the city court on

the evidence without any presumptions in its favor. It clearly appears from the evidence, and we might say the undisputed evidence, that the defendant was conductor of a motor car propelled by electricity and operated as a street railway car from the city of Birmingham to the city of Bessemer, a distance of about 12 or 13 miles, and along the streets of the two cities; that the time occupied in making the run from one city to the other was from 30 to 45 minutes, that sometimes a trailer was attached, and in such case there was a separate conductor for the trailer; that 35 or more runs were made daily in the operation of such cars of said railway.

The defendant was indicted and tried under section 5368 of the Criminal Code. Whether the motor car, with the trailer attached can be termed a train or not, it is quite clear to us that the statute was never intended to apply to conductors as shown by the evidence in this case. See opinion on former appeal. The judgment of the court is reversed, and one will be here rendered discharging defendant.

Reversed and rendered.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., concur.