(133 So. 313)

### McCRELESS v. STATE.
### 7 Div. 752.

Court of Appeals of Alabama.
March 24, 1931.

230.

Haralson & Son, of Ft. Payne, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. S. Lawson, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of illegally being in possession of prohibited liquor, to wit, "home-brew," which contained alcohol.

He was tried before the court, sitting without a jury, and this appeal is under the provisions of Code 1923, §§ 8599, 9502.

We will review the conclusions of fact reached by the judge trying the case—the evidence being given orally before him—on the same basis (i. e., in the same way) that the verdict of a jury will be reviewed, when a motion is made (and overruled, and the case brought here by appeal) to set aside the verdict as being contrary to the weight of the evidence. Thornhill v. Gulf Coast Produce Exchange, 219 Ala. 251, 121 So. 912.

The tendencies of the evidence on the part of the state are only to the effect that appellant and another were sitting in an automobile, parked on the road, at a place in the woods, and that two other men were on the ground near the car. One of these men, standing on the ground took a drink of "home-brew" from a glass jug while holding said jug in his own hands. About the time he did so, two deputy sheriffs, who had slipped up on the party, through the woods, made their presence known. Immediately, or perhaps simultaneously, the glass jug went through the space in front of the one seat of the automobile, across the body of same, and out on the other side, to its destruction against a rock or stump or some other substance.

The appellant was sought to be connected with the "home-brew" by the testimony of the two deputy sheriffs—that of one, to the effect that, as the jug of home-brew traveled across the car, "the defendant's hands looked like he had them under the bottom of the other fellows hands as the jug went out of the car," or that he "thought the defendant had his hands on it; it looked that way to him. Both fellows in the car had their hands on it." And that of the other to the effect that he could not say that he saw the jug in the hands of appellant, but that the jug went across the car and out of it on the side where appellant was sitting.

The defendant testified that he went there to get a drink, but never did get it. And the state offered some testimony to the effect that appellant, after the occurrence, told a witness that "he pitched the jug out of the car and it hit a rock and broke."

The Assistant Attorney General, representing the state, in his efforts to uphold the judgment of conviction, here appealed from, has been industrious and resourceful. He has brought to our attention, and argued very strenuously that they were similar, the cases of Ex parte State ex rel., etc., Harbin v. State, 210 Ala. 55, 97 So. 426, and Little v. State, 21 Ala. App. 128, 106 So. 69. But we think the holding in neither case applies.

In fact, as we read it, the opinion in the Harbin Case, supra, seems to be direct authority for our view that the judgment of conviction in this case cannot stand. In that opinion, Mr. Justice Somerville, for the Supreme Court, said: "The possession prohibited includes any possession by manucaption or physical dominion, of however brief duration, and in whatever capacity the possession may be held, if it be for the use, benefit, or enjoyment of himself or any other person, *and not merely for the purpose of inspection or destruction.*" (Italics ours.)

If it be said that the evidence here affords an inference that appellant had even a momentary possession of this "home-brew," which we do not think it did, it is clear that such "possession" was only for the purpose of "destruction," *immediate* destruction!

But, the mere fact that appellant "had his hand on the jug" momentarily as it traveled swiftly to its doom is not, in our opinion, standing alone, enough from which to infer that he had possession of it. Nor is it rendered enough by his statement that he went there for a drink but never got it.

To "touch" alcoholic liquor merely, or to "want a drink," or to be *about* to get a drink," has not, so far as we are advised, yet been made a violation of the law.

The judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.