145 So. 171

## RUNGAN v. STATE.
### 6 Div. 271.

Court of Appeals of Alabama.
Dec. 20, 1932.

A. A. Griffith, of Cullman, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The indictment charged that the defendant unlawfully transported in quantities of five gallons or more liquors or beverages, the sale, possession, or transportation of which is now prohibited by law.

It is elementary law that, in order to sustain a conviction, the state must prove by evidence beyond a reasonable doubt every material allegation in the indictment.

Passing for the present a consideration of whether the defendant owned or had any thing to do with the ownership of the beer and the car in which the beer was transported, one of the material allegations of the indictment is that there was transported five gallons of the beer. If the state fails in its proof as to this fact, we need proceed no further. The evidence for the state consists of the testimony of three witnesses, all of whom testified on direct examination: "There was five gallons of beer in the car; the beer was in a five gallon jug and it was full." On cross-examination one witness said: "I didn't measure the beer in the jug, I don't know how much beer

was in the jug. I didn't measure it.". Another witness testified on cross-examination: "I don't know whether the jug would hold five gallons or not. I didn't measure it. It might have held four and three fourths gallons as far as I know." The third witness said: "The beer was in a five gallon jug. The jug was full. I don't know whether the jug would hold five gallons or not. I didn't measure it."

When it is realized that the quantity of the liquor transported must be proven by the evidence beyond a reasonable doubt to be five gallons or more, it becomes apparent that the foregoing testimony falls far short of that proof necessary to overcome the presumption of innocence which attends the defendant during his trial and until such presumption has been overcome by the evidence beyond a reasonable doubt. Glover v. State, 21 Ala. App. 423, 109 So. 125.

The court in his general charge said: "Has anybody said there wasn't five gallons in it? Take all the evidence in the case dealing with that proposition, and apply this principle of inference again." The stating of the issue in this manner was error. The question was, not whether anybody had said there were not five gallons of the liquor, but was there testimony that there were five gallons or facts proven from which this important part of the corpus delicti might be legally inferred. No witness had testified to any knowledge that the jug contained five gallons, and the testimony of the state's witnesses amounts to no more than a guess that it did. Such a guess will not authorize a jury to fix a verdict of guilt. Central of Georgia R. Co. v. Teasley, 187 Ala. 610–616, 65 So. 981.

Nor will the above testimony support the inference that the jug contained five gallons of prohibited liquor. An inference can be drawn only from facts, and mere possibilities will not sustain a legitimate inference. If there had been testimony tending to prove that the jug would hold five gallons, and that the jug was full of the liquor, the jury would have had facts upon which to base an inference. But that the jug is denominated a five-gallon jug, without proof of its capacity, amounts only to a supposition upon which an inference of guilt may not be rested. Miller-Brent Lumber Co. v. Douglas, 167 Ala. 286, 52 So. 414; People v. Vanderpool, 1 Mich. N. P. 264; State v. Hembree, 54 Or. 463, 103 P. 1008.

The statute here considered contemplates standard liquid measure as fixed by law, and defendants may not be condemned to serve a term in the penitentiary until the quantity of liquor transported has been tested by that standard.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.