194 So. 418

## BERRY v. STATE.

### 7 Div. 487.

Court of Appeals of Alabama.

Feb. 27, 1940.

Isbell & Beck, of Fort Payne, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of unlawfully being in possession of prohibited liquor, towit, whiskey.

The case was tried below by the court, sitting without a jury. And the appeal comes here under the provisions of Code 1928, Sec. 8599.

Our duty, and method of consideration, with regard to such appeals, are plainly set forth by the words of said Code section, in connection with what we had to say in the third paragraph of our opinion in the case of McCreless v. State, 24 Ala. App. 229, 133 So. 313. We will not repeat here.

It seems sufficient to state that the court has read the entire testimony in the case, sitting en banc. And that we do not perceive any benefit to be derived by a narration of it.

Applying the rules that obtain, it is our opinion that appellant should have been acquitted under the evidence adduced at the trial.

■ We would pause to remark that it was error to allow the State's witnesses to testify that they "knew whiskey when they *saw* it." Everybody knows, and hence this court knows, that whiskey *cannot* be detected by sight! Too many other things have its appearance.

■ Inasmuch as there appears no probability that the evidence would be changed on another trial, it is ordered that the judgment be reversed and the appellant discharged from further custody in this proceeding.

Reversed and rendered.