194 So. 697

### BLEVINS v. STATE.

8 Div. 955.

Court of Appeals of Alabama.
March 12, 1940.

H. T. Foster, of Scottsboro, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment charged this appellant and one Erskin McMahan, jointly, in one count, with the offense of transporting in a quantity of five gallons or more, liquors or beverages, the sale, possession or transportation of which was then and there prohibited by law, etc.

The two defendants were jointly tried upon said indictment, and the trial resulted in the conviction of appellant, Paul Blevins. The jury returned a verdict of not guilty as to defendant Erskin McMahan. From the judgment of conviction as to defendant Paul Blevins, this appeal was taken.

The two State witnesses testified to facts sufficient to carry the case to the jury. One of said witnesses was shown by the undisputed evidence to be of general bad character. These two witnesses gave conflicting testimony in several instances as to all matters except as to the main fact that this appellant and three others, were caught transporting three kegs of what they termed whiskey. So far as the testimony shows the statement by said witnesses, that the kegs in question were full of whiskey, was the statement of a mere conclusion on their part, as there was no evidence showing or tending to show that the kegs were ever opened and the contents ascertained by them, or by any other person, in the absence of which it was naturally a physical impossibility for these witnesses to know the nature of the contents of the kegs, merely by looking at the kegs. This court has recently held that even in a glass bottle or glass container, where the contents are plainly visible, it was a mere conclusion of the witness in testifying that the contents was whiskey simply by looking at it. Tom Berry v. State, Ala.App., 194 So. 418.[1] In said case, the court, upon this question said: "Everybody knows, and hence this court knows, that whiskey cannot be detected by sight."

There need be no detailed statement of the numerous conflicts and discrepancies in the testimony of the two State witnesses, above referred to, for as to all of this, the jury were charged with the duty of weighing and considering all the testimony adduced upon the trial. However, on the motion for a new trial it was within the province of the court to consider all these questions.

Upon the trial the State undertook to impeach defendant's witness, Ward, by attempting to show said witness had made contradictory statements out of court. As to this, the rule is well settled, and is to the effect, in order to lay a predicate for the impeachment of a witness by proof of contradictory statements made, the question must be asked of the witness whether he made such statements at a given time and place, and to the person to whom the statements were alleged to have been made, and the same questions as to time, place and person, and statements alleged to have been made, must be put to the impeaching witness so as to identify the statement with those included in the predicate. In thus endeavoring to impeach the witness it appears there was a flagrant non-compliance with the rule announced. The attempted predicate itself was by piece meal and confusing; and the impeaching witness was allowed to testify to purported statements by the witness not included in or comprehended by the predicate. The exceptions reserved to the court's rulings in this connection were well taken. The several objections interposed by defendant should have been sustained.

As it appears of record, the objection to certain portions of the argument

of the Solicitor should have been sustained, it affirmatively appearing that portion of the argument objected to was of statements made by the Solicitor of facts not in evidence.

 The court erred in not granting defendant's motion for a new trial, several grounds thereof being sustained by the record in this case.

For the errors indicated the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.

