143 So.2d 185

**William McCURDY**

v.

**STATE.**

**5 Div. 609.**

Court of Appeals of Alabama.

Jan. 23, 1962.

Rehearing Denied March 13, 1962.

Walker & Hill, Opelika, for appellant.

MacDonald Gallion, Atty. Gen., Bernard F. Sykes, Asst. Atty. Gen., and Tommy R. Ogletree, Montgomery, Legal Research Aide, for the State.

PRICE, Judge.

The charge and conviction was for the offense of transporting prohibited liquors in quantities of five gallons or more. Code of 1940, Title 29, Section 187.

The evidence for the state tends to show that defendant's car was stopped and searched by two highway patrolmen on the night of February 13, 1961. The door on the driver's side of defendant's car would not open and defendant got out of the automobile on the right side. Officer Harper testified that as Officer Daniel was checking defendant's driver's license he, Harper, walked to the left side of defendant's car, looked in and saw five gallons of whiskey on the front floor board on the right side. The jugs were gallon jugs and all of them were full. After seeing the jugs he arrested defendant and placed him in the rear seat of the patrol car. As the Officer got in under the steering wheel, the defendant got out of the car on the opposite side, ran to his automobile and kicked the jugs, breaking four of them. The fifth jug fell out of the car without breaking. Whiskey was all over the floor of the automobile and on the ground. Officer Daniels stated he had not seen the jugs before they were broken, but was close enough to get his shoes filled with the whiskey.

The defendant and his witnesses testified when he left home that night he had no whiskey, but stated that he had in his car a half-gallon of anti-freeze and two jugs of water for his leaky radiator. He further testified that he took a fellow named Charlie Knight to his home and Knight said he had no money to pay for the trip and gave him two old jars of moonshine whiskey; that they were old Clorox jars and he put them on the floor board with the water and anti-freeze. On the way back to his home he picked up Ben Brundidge and Junior Fillmore and drove them to Fillmore's house; that he offered them a drink of whiskey and in the dark Ben drank from one of the jars and said it was water. Defendant then told him the whiskey was in the two old red jars. Ben took a drink from one of the Clorox jars and defendant noticed it was not full. The jug the officers took was not full. The liquid was down from the top about two and a half inches. After he left the boys the officers stopped him. The hook was off the left door of his car and when he opened the door on the right side to get out the jars fell against the door and against each other and were broken, except one which rolled into the ditch.

It is essential to a conviction for a violation of Section 187, Title 29, Code 1940, that the state prove that the amount of liquors transported was five gallons or more. Rungan v. State, 25 Ala.App. 287, 145 So. 171; Miller v. State, 39 Ala.App. 584, 105 So.2d 711.

The state has wholly failed to establish in this case that the liquor transported was in quantities of five gallons or more. Officer Harper did not inspect the contents of the jugs before they were broken. He saw them on the floor board of the car by the aid of his flashlight from the opposite side of the automobile. The pieces of glass introduced as state's exhibit one have been examined by us. Some of them are clear and some are dark colored. Certainly he could not have known, and by his own admission could not tell by merely looking at the outside, that the jugs contained whiskey. He testified his opinion that they held whiskey was confirmed by the odor of moonshine whiskey after the jugs were broken, but he admitted on cross-examination that he couldn't tell how much of the smell came from a particular broken jug or whether the smell came from the contents of two containers or from four. He further testified he examined the contents of the unbroken jug and found it to be whiskey. The officer turned this jug over to Deputy Sheriff Cunningham and obtained a receipt for it. The jug could not be located and was not produced on the trial.

Deputy Sheriff Cunningham testified the tops and broken pieces of glass introduced in evidence looked like they were from gallon jugs, but he could not swear they were. At the scene of the arrest he found four broken jugs and one full one. The latter contained moonshine whiskey. The odor of whiskey was all over everything and he smelled nothing there except whiskey.

The evidence presented by the state was insufficient either to make a jury question as to the amount of whiskey involved or to sustain the conviction. The defendant was entitled to the general affirmative charge requested in writing, and failing in this, the motion for a new trial should have been granted.

Reversed and remanded.