160 So.2d 493

**Carlos S. BLACKWELL**

v.

**STATE.**

**I Div. 950.**

Court of Appeals of Alabama.

Jan. 7, 1964.

Rehearing Denied Jan. 28, 1964.

Horne, Webb & Tucker, Atmore, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

Blackwell was convicted of violating the "five-gallon" law and sentenced to three years in the penitentiary.

The sufficiency of the evidence has been preserved in this record in three instances, i. e., (1) by defendant's moving to exclude the evidence made at the close of the prosecution's case, (2) by the State's moving for the affirmative charge (with hypothesis) at the conclusion of all the evidence, and (3) by the defendant's moving for a new trial.

The State contends that its evidence proved that Blackwell was arrested while driving in a dry county. He said, "You caught me, fair and square." A search of his car revealed twenty cases of what the officers assumed to be Falstaff beer consisting of twenty-four pint cans in each case.

The appellant on the other hand, points out quite aptly that: (1) no beer was ever produced before the jury; (2) no measurement whatever was made of the cargo; and (3) only one of the paperboard cartons was opened and the cans counted.

In Blackwell's reply brief, the following instance from cross-examination of witness O'Neal, an ABC Board agent, is alluded to:

"Q. You saw the beer had a state store stamp on it? You didn't look at all of the beer?

"A. No, sir, I took it out case by case and couldn't see any state stamps on it because the cases were sealed.

"Q. Did you see any open cases at all?

"A. There was no open cases.

"Q. You didn't investigate to find if there was any stamps on any of the beer?

"A. Yes, sir, I did.

"Q. How many bottles did you look at?

"A. Just one case.

"Q. And you don't know what was in the other twenty cases of your own knowledge?

"A. Just beer.

"Q. Could you see the bottles?

"A. You could see the cans through the top.

"Q. Did they have beer on them?

"A. The cases were sealed and I assumed they were beer.

"Q. You don't know they were beer?

"A. It is my business to know.

"Q. I am going to ask you what size was the cans?

"A. Sixteen ounce cans.

"Q. Have you had any experience with soft drinks sold in cans, Canada Dry?

"A. That doesn't carry state store beer stamps.

"Q. You don't know their size?

"A. No, sir.

"Q. You don't know they are the same size as the beer cans?

"A. Not to my knowledge.

"Q. You saw two or three bottles of beer and one whole case of beer?

"A. Cans.

"Q. And the rest you just glanced at generally?

"A. As I took it out of the car.

"Q. You assume that was beer?

"A. Yes, sir.

"Q. You don't know that of your own knowledge?

"A. Yes, sir, I know.

"Q. By what?

"A. By my knowledge of beer.

"Q. Did you test it?

"A. No, sir.

"Q. Did you see the can it was in? Did you see the writing on it?

"A. That is not necessary."

There was no evidence of: (1) what happened to the cargo after Blackwell's arrest; (2) the labels on the cans (e. g., whether pasted on or baked enamel legends); (3) the size or labeling of the paperboard containers which the witnesses concluded held cans which they concluded held beer. Strictly there was only opinion evidence based on faith in the ABC Board beer stamp that there was beer in the twenty-four pint cans.

We pretermit whether a beer stamp on a sealed tin can holding a liquid is sufficient

proof to support a verdict of guilty of possessing beer in a dry county.

The statute here involved is Code 1940, T. 29, § 187, which reads as follows:

"It shall be unlawful for any person, * * * to transport in quantities of five gallons or more any of the liquors or beverages, the sale, possession, or transportation of which is prohibited by law * *. Any person convicted of violating this section shall be guilty of a felony. * * *"

The five-gallon limit marks the Plimsoll line of a penitentiary offense, the critical point between a felony and, at most, a misdemeanor for possession.

For this reason, the cases under the five-gallon law all show a marked difference in requiring stricter proof of quantity from that permissible in mere possession cases. Nor does the "look like," "smell like," "taste like" statute (T. 29, § 125) afford any aid where the liquor claimed to be prohibited is found in an opaque unopened container, i. e., a sealed can.

We quote from Blevins v. State, 29 Ala. App. 218, 194 So. 697·

"* * * So far as the testimony shows the statement by said witnesses, that the kegs in question were full of whiskey, was the statement of a mere conclusion on their part, as there was no evidence showing or tending to show that the kegs were ever opened and the contents ascertained by them, or by any other person, in the absence of which it was naturally a physical impossibility for these witnesses to know the nature of the contents of the kegs, merely by looking at the kegs. * * *"

The expression, "You caught me fair and square," cannot be treated as inculpatory of transporting since it is ·equivocal, not embracing all of the elements of the instant charge. It could denote possession or transporting. Parker v. State, 40 Ala.App. 244, 112 So.2d 493; Veasey v. State, ante p. 17, 150 So.2d 762.

We cannot notice or take judicial knowledge that "Falstaff beer cans and cartons" express to a common intendment so as to dispense with bringing the claimed contraband before the jury or of opening at least one can so as to test its contents both as to alcohol and volume. Moreover, the testimony as to the nineteen other cases holding cans of beer is only supported by a surmise.

There was error in giving the affirmative charge for the State. Also, it was error to refuse to discharge the defendant. Roberts v. State, 41 Ala.App. 505, 137 So.2d 59.

In McCurdy v. State, 41 Ala.App. 546, 143 So.2d 185, we find Judge Price saying:

"It is essential to a conviction for a violation of Section 187, Title 29, Code 1940, that the state prove that the amount of liquors transported was five gallons or more. Rungan v. State, 25 Ala.App. 287, 145 So. 171; Miller v. State, 39 Ala.App. 584, 105 So.2d 711."

In Rungan v. State, 25 Ala.App. 287, 145 So. 171, Samford, J., said:

"* * * No witness had testified to any knowledge that the jug contained five gallons, * * *

"Nor will the above testimony support the inference that the jug contained five gallons of prohibited liquor. An inference can be drawn only from facts, and mere possibilities will not sustain a legitimate inference. If there had been testimony tending to prove that the jug would hold five gallons, and that the jug was full of the liquor, the jury would have had facts upon which to base an inference. But that the jug is denominated a five-gallon jug, without proof of its capacity, amounts only to a supposition upon which an inference of guilt may not be rested. * * *"

While a record of a trial already had may compel an appellate finding that there should have been a judgment discharging the defendant, nevertheless, when

a convicted defendant appeals claiming insufficiency of the evidence, he impliedly consents to another trial if the judgment below is held to be erroneous.

Code 1940, T. 15, § 389, among other things, requires us to "render such judgment as the law demands." This is not precisely the same as "such judgment as the trial court should have rendered." Thus, on a jury trial, the venire has long been released by the time the appeal is submitted here.

In Hendricks v. State, 252 Ala. 305, 41 So.2d 423, Stakely, J., says, in reversing 34 Ala.App. 502, 41 So.2d 420:

"In considering the effect of this statute, together with § 389, Title 15, Code of 1940, which provides that the supreme court or court of appeals 'must render such judgment as the law demands,' this Court in Robison v. State, 240 Ala. 638, 200 So. 629, in effect held that the Court of Appeals has the power to discharge the defendant but only when the ends of justice so demand in the light of the entire record. In Robison v. State, supra, this Court further held in effect that the power of the Court of Appeals to discharge is subject to the supervisory powers of this Court and should not be exercised merely from an insufficiency of the evidence to sustain the charge, unless the Court considers that further evidence to sustain the charge could not be adduced on another trial. See also Temlin v. State, 159 Ala. 128, 48 So. 1027. * * *"

PRICE, P. J., and JOHNSON, J., consider the judgment should be for reversal and remandment for new trial.

Reversed and remanded.

CATES, Judge (concurring specially).

Without the beer and without evidence of how much there was, it would seem to me

to be more appropriate under Code 1940, T. 15, §§ 389 and 390, to follow Robison v. State, 30 Ala.App. 12, 200 So. 626, even if only conditionally as on a rule to show cause.