301 So.2d 258

**Raymond CLARK**

**v.**

**STATE.**

**8 Div. 373.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

**496**

Fite, Davis & Fite, Hamilton, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Presiding Judge.

Transporting five gallons or more of prohibited beverages, Code 1940, T. 29, § 187: sentence, eighteen months.

The State offered in evidence four cartons labeled "Miller's High Life." The record pp. 15–16 shows that State's witness, James, testified on direct:

"Q If you will, Mr. James, would you smell the contents of that—well, I would like to have all four of these boxes identified as 1, 2, 3, and 4. Now, if you would, would you either stick your finger in the bottle or taste the bottle, please Mr. James? Now, let me ask you this. Before today, had you had occasion to smell beer and prohibited liquors and beverages, on other occasions before today? .

"A Yes, I have.

"Q On how many occasions?

"A I would be afraid to say. Several.

"Q Based on your experience, do you have a judgment as to the contents of that bottle there?

"A To my judgment, it's beer."

See Austin v. State, 36 Ala.App. 690, 63 So.2d 283.

Later the State offered the four cartons in evidence. Objection was made that a chain of custody was not shown. This was overruled. Venue in Franklin, a dry county, was proved as was cargo movement.

We distinguish Blackwell v. State, 42 Ala.App. 246, 160 So.2d 493. Here the beer was produced before the jury. Witness James handled one bottle before the jury and there was an opportunity for the jurors to open the cartons to ascertain whether or not the bottles were full to their capacity.

There is no statutory standard size for a bottle or can of beer in Alabama. See Code 1940, T. 2, Ch. 1, Art. 36. Thus, in *Blackwell*, supra, the State claimed each can held a pint, i. e., a U. S. pint, sixteen ounces. See Miller v. State, 39 Ala.App. 584, 105 So.2d 711. Most beer bottles hold twelve ounces but some, "ponies," hold only six.

Thus, a case of twenty-four full twelve-ounce bottles would contain 288 ounces. The four cases under this assumption held 1152 ounces. The statutory yardstick of five gallons requires 640 ounces as a minimum. 94 C.J.S. Weights and Measures § 1.

■ Here the introduction of the four cartons or cases afforded the jury opportunity to calculate the volume of the aggregate. The appellant has not seen fit to have the Exhibits sent up for our inspection.

■ This same opportunity for the jury to inspect the contraband we consider to answer the problem of the chain of custody [1] of the beer from Clark's arrest to the time of trial.

■ The problem principally arose from a marking put on the box by witness James. It read "Fourth Month, 30th day '72." The raid occurred June 30, 1972. He was otherwise positive it was done on a date consistent with it being June 30, 1972.

---

1. The State's proof concatenated the beer's custody from Clark's arrest until trial albeit some of the links were weak.

■ Nor can we deduct one of the cases of beer from the total here in question under the personal possession exemption laid down in Act No. 1265 of September 22, 1971. This because, if for no other reason, defendant failed to show that "the containers of such beverages [had] affixed thereto such mark or identification * * * as to show that such alcoholic beverages were sold or distributed by a state liquor store or licensee, etc." This part of said Act we consider to be defensive matter to be established by the defendant.

The judgment below is

Affirmed.

All the Judges concur.