HUBERT TAYLOR, Judge.
Appellant was convicted for violating the prohibition laws on November 10, 1982, in the Circuit Court of Marshall County. He was sentenced to one year in the county jail and fined $500.
George Burkhalter, an agent for the ABC Board, and Charles Hill, a deputy with the Marshall County Sheriff’s Department, after obtaining a search warrant, searched appellant’s home for illegal liquor. Approximately 1400 unopened twelve-ounce cans and forty-eight unopened 500-milliliter bottles were recovered. The cans were labeled with various commercial brand names, namely, Budweiser, Stroh’s, Miller, and Schlitz. There was no testimony as to how the bottles were labeled. None of the cans or bottles were opened by either the ABC agent or the deputy, although, they did testify that some or all of the cans and bottles were marked with the State revenue stamp. None of the cans or bottles or the contents of either were brought before the jury or put into evidence during appellant’s trial.
The only issue raised on appeal is whether the evidence was sufficient to submit the issue of guilt to the jury. The basis for appellant’s contention is that the State failed to offer any proof as to the contents of the cans and bottles in question. The only relevant testimony reads as follows:
[Recross Examination of Mr. Burkhalter by Mr. Baker]
“Q. Did you open any of the cans to see what was inside?
“A. No, sir, I did not.
“Q. Did you open any of the bottles to determine what was inside?
“A. No sir, I did not. I checked the seals the beverage control board puts on them, the seals.
“Q. Do you know of — do you have any knowledge of the contents of those cans and bottles?
“A. Yes, due to the labeling.
“Q. No, sir. I am asking about the inside of the bottles, not the outside?
“A. Yes, sir, it is whiskey.
“Q. How do you determine that?
“A. I’ve seen it over and over again.
“Q. No, how did you determine what was inside the bottle?
“A. By looking at the label. ,
“Q. Okay. So your conclusion is based on the label, not the contents?
“A. Yes, sir.
“REDIRECT EXAMINATION BY MR. STARNES:
“Q. I believe you said you examined the — the whiskey bottles; is that right?
“A. Yes, sir, I did.
“Q. There is a stamp on liquor bottles that seals them, right?
“A. Yes, and these had the proper seal.
“Q. Were any of the seals broken?
“A. No sir.
“Q. Did you have occasion to examine any of the beer that was there?
“A. I just looked at the cans and checked the cans, and it had an Alabama stamp on it, and I didn’t open any of them.
“Q. Were they sealed also?
“A. They were sealed also, yes.
*1179 “Q. What brands of cans did you note there, sir?
“A. They had Miller, Budweiser, Stroh’s, and Schlitz.
“Q. Did you see any of those cans in those coolers open?
“A. No, sir, I didn’t see any of them open.”
The State produced three types of proof concerning the contents of the cans and bottles. These are proof by visual inspection, proof by judicial notice that Budweiser, Miller, Stroh’s and Schlitz cans contain alcoholic beverages, and proof that cans or bottles with an affixed State revenue stamp contain alcoholic beverages. The first types of proof was rejected in the case of Berry v. State, 29 Ala.App. 196, 194 So. 418, 419 (1940), when the court said, “We would pause to remark that it was error to allow the State’s witnesses to testify that they ‘knew whiskey when they saw it.’ Everybody knows, and hence this court knows that whiskey cannot be detected by sight! Too many other things have its appearance.” In Blevins v. State, 29 Ala.App. 218, 194 So. 697, 698 (1940), the court added that, “[E]ven in a glass bottle or glass container, where the contents are clearly visible, it was mere conclusion of the witness in testifying that the contents was whiskey simply by looking at it.”
Proof by judicial notice of the contents of cans based on a trade name or commercial legend has also been rejected. The Supreme Court of Alabama in Daniel v. State, 149 Ala. 34, 43 So. 22, 24 (1907), held that, “The courts, however, cannot judicially know that the liquor called ‘Hop-Ale,’ or ‘Hop-Jack,’ is the same as ale.... [A] court does not judicially know that ‘Hop-Ale’ is intoxicating. There must be affirmative proof to establish this fact .... ” In the case of Blackwell v. State, 42 Ala.App. 246, 160 So.2d 493, 495 (1964), the court said, “We cannot notice or take judicial knowledge that ‘Falstaff beer cans and cartons’ express to a common intendment so as to dispense with bringing the claimed contraband before the jury or of opening at least one can so as to test its contents both as to alcohol and volume.”
Next is the question of the sufficiency of the State stamp. In Blackwell, supra, the court said, “Strictly there was only opinion evidence based on faith in the ABC Board beer stamp that there was beer in the twenty four pint cans.” Blackwell, supra, 160 So.2d at 495. The court then declined to decide the issue. Section 28-3-187, Code of Alabama 1975, which pertains to the stamp, reads in part as follows:
“(a) For the protection of the public welfare, health, peace and morals of the people of this state, including without limitation regulation of the quality of malt or brewed beverages sold, offered for sale or held for sale within this state, and for the protection of the tax revenues accruing to the state by virtue of taxes levied on malt or brewed beverages, it is hereby declared the intention and purpose of this article that the board shall require all manufacturer licensees, or in lieu thereof, all importer licensees to affix Alabama identification, as will be prescribed by the board, to all original containers in which malt or brewed beverages is normally placed and prepared for market, received, sold or handled, before such beverages are sold, offered for sale or held for sale within this state.” (Emphasis added.)
A reading of § 28-3-187, Code of Alabama 1975, infers that the legislature intended the State stamp to connote something about the contents of the container to which it is affixed.
Since the legislature has mandated that a State stamp be put on all original containers in which malt or brewed beverages are placed, and that the cans in question were unopened, we conclude there was enough evidence from which the jury could conclude that the cans contained alcoholic beverages.
The judgment of the lower court is affirmed.
AFFIRMED.
All the Judges concur.