## Commonwealth *v.* Irby, Appellant.

318

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charlotte A. Nichols,* for appellant.

*John H. Isom, Mark Sendrow, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., September 23, 1974:

This is an appeal from the Court of Common Pleas, Criminal Division, of Philadelphia County, by the defendant-appellant, Larry Richard Irby, after conviction of carrying a concealed deadly weapon. He was indicted on four bills of indictment: (1) attempts with intent to kill and murder; (2) assault and battery, aggravated assault and battery, assault and battery with intent to murder; (3) playfully and wantonly pointing a firearm; and (4) carrying a deadly weapon unlawfully, carrying a firearm without a license on public streets or property. The case was tried nonjury and a verdict of not guilty was entered on the first three bills and guilty on the fourth. He was sentenced to serve imprisonment for not less than nine (9) months nor more than three (3) years.

The appellant and two other men were stopped by the Philadelphia police after a high-speed chase in a stolen vehicle. There was a discrepancy between the driver's license and owner's card submitted by the driver and a gun battle began between the occupants of the vehicle and the police. One of the occupants of the car was captured immediately. Another was

found wounded in the street several minutes after the shoot-out. A policeman was shot and seriously wounded. The appellant ran away from the scene. A black, chrome-handled .32 caliber revolver was found on the street in the immediate vicinity where the appellant was last seen in his flight.

The appellant was arrested in the State of Michigan, waived extradition and was returned to Pennsylvania. After being advised of his constitutional rights, he gave the police a statement which exculpated him from any part of the shooting but admitted possession of the described revolver.

At trial, the appellant's statement was admitted into evidence without objection. The trial judge in his opinion stated:

"The Trial Judge has not had his attention directed to any alleged error in the course of the trial, and has, therefore, sifted the record painstakingly to determine the possibility of the existence of any prejudicial error, as well as to determine the sufficiency of the evidence beyond a reasonable doubt to support defendant's conviction.

"After careful review of the record in this case, the Court is unable to find any error sufficient to require the granting of a new trial, and in addition, finds all of the evidence sufficient beyond a reasonable doubt to convict the defendant."

The only issue before us is whether the appellant was denied effective assistance of counsel in failing to file motions to suppress the statement and in failing to object to its admission. This is a matter that should be raised at a post-conviction hearing, but in the interest of preventing further delay or further extended procedure, we will dispose of it in this direct appeal.

The appellant contends that because he was in police custody for more than 30 and 3/4 hours, that counsel should have raised the question of the volun-

tariness of his statement by filing a petition for suppression. The long period of police custody from which his statement came, after proper explanation of his constitutional rights, is clearly explained by the fact that the time incurred was involved in bringing him from Michigan to Pennsylvania.

The standard in determining the effective assistance of counsel is whether counsel's course of action has some reasonable basis to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A. 2d 349 (1967). Faced with serious charges of participating in a shoot-out in which a policeman was seriously injured and having been indicted for serious crimes, as a result thereof, counsel was faced with the dilemma of permitting a confession into evidence which exculpated him from all of the most serious charges but admitted possession of the revolver.

Certainly it cannot be said that defense counsel is required to make every possible motion and every possible objection at trial under pain of not representing his client effectively. If we were to so hold, we would turn the criminal justice system into a "game" played according to rigid rules in which the guilt or innocence of the accused would become a tangential issue with main focus on the "rules of the game". It is also important to note that this was a non-jury trial.

Conversely, counsel must be given wide latitude and discretion at trial in his employment of trial strategy. This discretion includes the decision of not raising issues which he feels are futile or which he reasonably believes will not aid his client's defense, as well as, the raising of all possible issues which he hopefully believes will benefit his client. We would not place counsel in a legal "straight jacket" in the name of effective assistance of counsel in his conduct of a

defense that may ultimately result in real ineffective assistance of counsel.

Judgment affirmed.

SPAETH, J., concurs in the result.