The defendant was indicted and convicted for receiving stolen property in the second degree. Sentence was six years' imprisonment. Three issues are presented on appeal.
 I
The indictment charged the defendant with the possession of a stolen 1972 red Ford pickup truck. The facts show that he attempted to sell this truck at the Anniston Auto Auction on May 27, 1982. In proving its case, the State introduced evidence that the defendant had attempted to sell a blue pickup truck on May 6th and May 8th. Without objection, evidence was presented that the defendant brought in a truck on the 6th of May that had no serial number or identification plate. Two days later, the defendant returned with the same truck with a serial number.
Objection was only made when the State attempted to pursue this line of questioning in greater detail. After argument outside the jury's presence, the trial judge sustained defense counsel's objection but denied the motion to exclude because it was untimely. This was proper as a motion to exclude will not preserve error in the admission of evidence where no timely objection has been made at the time of its admission. Snider v.State, 406 So.2d 1008, 1014 (Ala.Cr.App.), cert. denied,406 So.2d 1015 (Ala. 1981).
Even if this issue were properly preserved for review, the evidence of the other truck was clearly admissible to show the defendant's intent, guilty knowledge, and plan, design, scheme or system. C. Gamble, McElroy's Alabama Evidence, Section 69.01 (3rd ed. 1977).
 II
Although the defendant argues that reversible error was committed when the State was allowed to introduce his incriminating statements without a proper predicate, the record contains no objection to the introduction of any statement made by the defendant. This issue is not preserved for review.Stewart v. State, 398 So.2d 369, 374 (Ala.Cr.App.), cert. denied, 398 So.2d 376 (Ala. 1981); Murry v. State,367 So.2d 985, 988-89 (Ala.Cr.App. 1978), cert. denied, 367 So.2d 989
(Ala. 1979). See also Wainwright *Page 560 v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).
 III
As might be anticipated, the third issue is that counsel was incompetent because he failed to properly object and preserve issues I and II. As already noted, evidence regarding the "other" truck was properly admitted under several exceptions to the rule excluding evidence of other offenses.
It appears the first set of incriminating statements by the defendant were given in response to the investigatory type questions of a police officer who was attempting to determine if a crime had been committed. Kelley v. State, 366 So.2d 1145
(Ala.Cr.App. 1979).
The second set of inculpatory statements were introduced by the State in its case in rebuttal of the defendant's testimony. Although a proper Miranda predicate was not established (because the officer never testified to the specific rights and warnings given the defendant, Robinson v. State, 399 So.2d 902
(Ala.Cr.App. 1981)), there was evidence that the defendant was advised of his "Miranda rights". Statements obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966), may be admissible for impeachment purposes. Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215,43 L.Ed.2d 570 (1975); Harris v. New York, 401 U.S. 222,91 S.Ct. 643, 28 L.Ed.2d 1 (1971).
Under these circumstances, counsel's failure to object does not amount to incompetence. His cross examination was thorough and shows preparation. Unfortunately for counsel and his client, the State simply had a very strong case. The defendant had been "caught with the goods" and the State had the evidence to prove it. In reviewing the competency of trial counsel, the existence of substantial incriminating evidence against the accused may constitute a substantial consideration. Annot. 2 A.L.R.4th 27, Section 11a (1980). Counsel should not be placed in a legal "straight jacket" by being required to make every possible objection. This would turn the criminal justice system into a "game" played according to rigid rules in which the guilt or innocence of the accused would become only a tangential issue with the main focus on the "rules of the game." Commonwealth v. Irby, 230 Pa. Super. 317, 326 A.2d 617
(1974). Counsel's failure to object does not automatically reduce the trial to a farce, sham or mockery of justice. Dullv. State, 267 Ind. 549, 372 N.E.2d 171 (1978). The record before this Court does not establish the proof necessary to sustain the defendant's contention as to ineffective representation of counsel. Sheehan v. State, 411 So.2d 824
(Ala.Cr.App. 1981).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.