473 So.2d 580 (1985)
Michael Wayne WADDLE
v.
STATE.
8 Div. 896.
Court of Criminal Appeals of Alabama.
January 22, 1985.
Rehearing Denied May 14, 1985.
Certiorari Denied July 26, 1985.
*581 David L. Thomas, Huntsville, for appellant.
Charles A. Graddick, Atty. Gen., and Bill North, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 84-873.
HARRIS, Judge.
On June 18, 1982, the appellant, Michael Wayne Waddle, was indicted by the Grand Jury of Madison County, Alabama, for the murder of Bryan Kirkland in violation of § 13A-6-2, Code of Alabama, 1975. Appellant was subsequently arraigned on April 18, 1983, at which time he entered a plea of not guilty to the charges listed in the indictment.
Appellant's jury trial commenced on April 18, 1983. The jury found appellant guilty of murder and the trial judge imposed a sentence of life imprisonment. This appeal followed.
Appellant dually argues that the trial court erred in allowing into evidence testimony regarding witness Council Scott's identification of appellant as the individual he saw shoot and kill Bryan Kirkland and testimony of Alice Fays Hicks, a victim of appellant's crime, as to her identification of the appellant as the individual that murdered Mr. Kirkland and attempted to murder her. Appellant maintains that the pretrial identification procedures employed by the law enforcement officers in obtaining the identification of the appellant were impermissibly suggestive and ultimately produced questionable identifications by both Mr. Scott and Miss Hicks.
While the appellant contends that his due process rights were violated by the pretrial identification procedures utilized by the police department when both Mr. Scott and Miss Hicks identified the appellant as the perpetrator of the crimes, the record contains no objections during the course of the witnesses' testimony and in-court identification of appellant as to the pretrial procedures used. Rather, appellant elected to remain silent during the examination of the witnesses and, subsequently thereto, moved to exclude the in-court identification of appellant by both Mr. Scott and Miss Hicks on the grounds that the identification was tainted by suggestive pretrial lineups. These issues, which are categorically the same, were not preserved for review.
In order to raise such issues on appeal, the questions must be preserved in the court below by way of timely objections at the point in time when questionable evidence is submitted or introduced. Snider v. State, 406 So.2d 1008 (Ala.Crim.App.), cert. denied, 406 So.2d 1015 (Ala.1981); Gunn v. State, 387 So.2d 280 (Ala.Crim. App.), writ. denied, 387 So.2d 283 (Ala. 1980). A motion to exclude will not preserve error in the admission of evidence where no timely objection has been made at *582 the time of its admission. Coon v. State, 432 So.2d 558 (Ala.Crim.App.1983); Snider v. State, supra; McQueen v. State, 355 So.2d 407 (Ala.Crim.App.1978); Body v. State, 341 So.2d 744 (Ala.Crim.App.1976), cert. denied, 341 So.2d 748 (Ala.1977).
The rationale for the above proposition is clear. The appellant should not be allowed to postpone his objections until after the State has rested and therefore deny any opportunity to the prosecution to remedy any deficiencies in its proof.[1]
Appellant also maintains that the trial court erred in failing to grant his motion for acquittal based on the State's failure to present sufficient evidence necessary for a conviction. Appellant contends that other evidence introduced at trial creates a reasonable doubt as to his guilt.
The in-court identification by both Mr. Scott and Miss Hicks of the appellant as the perpetrator of the crime established the State's prima facie case. Starling v. State, 398 So.2d 337 (Ala.Crim.App.1981). However, even if other evidence was presented that created some doubt as to the appellant's guilt, we have held that, where there is a conflict in the evidence, the inferences to be drawn from the evidence, the weight of the evidence, and the credibility of the witnesses are all questions for the jury. Proctor v. State, 424 So.2d 705 (Ala.Crim.App.1982); Higginbotham v. State, 346 So.2d 525 (Ala.Crim. App.1977); Vaughn v. State, 57 Ala.App. 134, 326 So.2d 662 (1976); Byrd v. State, 213 Ala. 333, 104 So. 830 (1925). Conflicting evidence always presents a jury question unless the evidence palpably fails to establish a prima facie case. Proctor v. State, supra; Starling v. State, supra.
The record discloses that the appellant received a fair trial and we have searched the record for any errors injurious to appellant's substantial rights and have found none. The judgment of the trial court is therefore affirmed.
AFFIRMED.
All the Judges concur.
NOTES
[1] Nothing in our decision is to be taken as implying any view that there were in fact deficiencies in the State's proof submitted for the jury's consideration.