Appellant, Marvin Lamar Goodson, was convicted, after a jury trial, of possession of cocaine, in violation of § 20-2-70, Code of Alabama 1975. He was sentenced to ten years' imprisonment, fined $2,500, and ordered to pay $25 to the Crime Victims Compensation Fund and $283 court costs. He appeals, raising two issues.
 I
First, appellant contends that the trial court committed reversible error in admitting into evidence a confession which he gave to Officer Tim Green of the Houston County Sheriff's Department shortly after his arrest. On June 9, 1987, the residence and grounds at 307 Blackshear Street in Dothan were searched, pursuant to a search warrant, for evidence of controlled substances. Appellant resided at that address and was present at the time of the search. The search revealed two razor blades with a residue of white powder on them in the house; a brown paper containing a white powder in the backyard; and, also in the backyard, a beer can which had been fashioned into a makeshift pipe for the purpose of smoking cocaine and which appeared to have been used. Appellant was arrested for possession of cocaine immediately after the search and seizure of the named items and was transported to the police station. At the station, Officer Green performed a "field test" on the white powder on the brown paper and received a negative reaction for cocaine. Subsequently, the state chemist was unable to determine the nature of the powder on the razor blades, due to an insufficient amount. However, he determined that the white powder on the brown paper was common baking soda and that a small residue of cocaine was present on the beer-can pipe. Appellant does not contest the validity of the search and seizure or his arrest.
Shortly after arriving at the police station, Officer Green advised appellant of his rights pursuant to Miranda v. Arizona,384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After theMiranda rights were given and before the taking of the confession, Green suggested that appellant call his attorney, Fred Tatum. Appellant called Tatum (who continued to represent appellant through his trial proceedings) and, after a discussion over the telephone between appellant and Tatum and between Green and Tatum, an agreement, the terms of which are unclear, was reached whereby appellant would "cooperate" with the police and become an informant for the purpose of furnishing names of cocaine suppliers. What and when Green promised appellant in return for his cooperation and services as an informer are in dispute. Green testified, in substance, that he promised to ask the district attorney for leniency for appellant in the instant case, but that he did not make this promise until after appellant agreed to become an informer and give a statement. Appellant testified that Green promised him that there would be no indictment or prosecution if he cooperated and that the agreement was made prior to the making of the confession.
After the telephone discussion, appellant made the statement to Green in which he admitted smoking cocaine from a beer-can pipe with another person in his backyard the day before the search and admitted to trafficking in cocaine in the past, and gave the names of some persons from whom he had previously acquired cocaine. He was advised by his attorney, Tatum, prior to making the statement, to cooperate fully with the officers and tell them anything they wanted to know. After the agreement was entered into, appellant gave the appearance of living up to his part of the bargain. Subsequently, on two occasions, appellant furnished names of suppliers to the officers and, on one occasion, took them to an area where cocaine was sold.
The authorities claimed that the information provided by appellant was useless and was information that they already possessed. *Page 791 
Later, unknown to Officer Green, appellant was indicted in the instant case and his prosecution commenced. Green never sought leniency for appellant.
Appellant contends that the confession was improperly induced by a promise not to prosecute if he cooperated and became an informant. The state contends that the agreement and the statement are two distinct separate events, having no connection with each other, and that the statement was not made in exchange for any promise made to him by the officer. The state contends that appellant entered into the agreement to become an informant in return for leniency and not in exchange for his statement. The state further contends that the actual agreement was entered into after the statement was made and, therefore, could not have prompted the statement.
Our consideration of this issue is pretermitted because appellant has not preserved the question for review, having failed to object to the admission of the confession, when it was introduced at trial, on the ground now urged. The record shows that no pretrial motion to suppress the confession was filed. The confession was admitted, after the state initially laid an alleged voluntariness predicate, without objection to its voluntariness. Appellant did not object to the confession on the ground that it was involuntarily obtained until after all the evidence had been presented and the parties had rested their cases. At that time, he raised the issue and moved to exclude the confession. The trial court denied the motion. This ruling was proper, for the motion was untimely. In order for this court to review an alleged erroneous admission of evidence, a timely objection must be made to the introduction of the evidence, specific grounds for the objection should be stated and a ruling on the objection must be made by the trial court. Gibbs v. State, 342 So.2d 448 (Ala.Cr.App. 1977). A motion to exclude will not preserve error in the admission of evidence where no timely objection has been made at the time of its admission. Waddle v. State, 473 So.2d 580 (Ala.Cr.App.), cert. denied, 473 So.2d 580 (Ala. 1985); Jefferson v. State,449 So.2d 1280 (Ala.Cr.App. 1984); Snider v. State,406 So.2d 1008 (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981);McQueen v. State, 355 So.2d 407 (Ala.Cr.App. 1978); Body v.State, 341 So.2d 744 (Ala.Cr.App.), cert. denied, 341 So.2d 748
(Ala. 1976). The proper procedure to raise the issue of voluntariness in the trial court would have been a timely motion to suppress and a voir dire examination, outside the presence of the jury, from which the court could determine the admissibility of the confession. Because of the particular circumstances surrounding the instant confession, we feel that the following observations and comments are warranted, especially since the facts do not offer a clear understanding of the particulars of the agreement and since the trial court, in all likelihood, will be presented these same circumstances in a collateral proceeding. The voluntariness of the confession was the key issue in the case, and appellant's counsel participated in the negotiations of the agreement. His failure to properly and timely raise this issue and take the necessary measures to preserve it for review would present adequate ground to raise the question of constitutionally effective assistance of counsel.[1]
Our understanding of the facts gleaned from the record leads us to the conclusion that the agreement to be an informant in return for leniency or an understanding not to prosecute at all was entered into, in whole or in part, prior to the taking of the inculpatory statement. Appellant's counsel, Tatum, who participated in the negotiations, did not testify at trial; however, he did state his knowledge of the understanding during the sentencing hearing. His recollection was that the agreement was made prior to the taking of the statement and provided that, in return for cooperating *Page 792 
as an informant, appellant would not be prosecuted for the instant offense. Appellant's testimony revealed the same understanding of the agreement as his attorney's. Appellant further testified that, although he was afraid to become an informant, one of the factors which caused him to enter into the agreement was to avoid prosecution and, thus, save his job as a highly paid helicopter mechanic at Fort Rucker. Officer Green's testimony also discloses that, prior to the statement, there was discussion of the agreement to be an informer. Moreover, a review of the statement itself supports the conclusion that the agreement had been reached prior to the giving of the statement and that it induced the statement. The statement includes information not only relevant to the instant case, but information concerning other cocaine transactions, including the names of suppliers, the very things about which he agreed to inform the police. Green testified that, if the information had been "substantial," there would have been no indictment. He testified as follows:
 "Q. [Defense counsel]: Had he done sufficient to have satisfied you in your department, he would not have been indicted at all, would he? He would have remained a confidential informer.
 "A. Yes, sir. We would have gone to the District Attorney's Office.
"Q. And kept him from being indicted?
"A. Yes, sir."
This testimony of Green supports appellant's contention and is inconsistent with the state's position that the agreement had no connection with the statement.
"In order to be admissible a confession must be free and voluntary and cannot be the result of any direct or implied promise, however slight." Eakes v. State, 387 So.2d 855, 859
(Ala.Cr.App. 1978). On the facts as presented, we consider the great weight of the evidence to support the conclusion that appellant's inculpatory statement was improperly induced by a promise made by the interrogating officer that, if appellant cooperated and became an informant, he would not be indicted or prosecuted for the offense for which he had been arrested. The evidence strongly supports the conclusion that the agreement to cooperate included full disclosure of everything he knew, including what he knew about the instant offense. Appellant had no reason not to believe that the officer had ample power to deliver on his promise, particularly since his attorney advised him to cooperate. A confession, made under the circumstances of this case must be deemed not voluntary, but one induced by a promise not to prosecute. It appears that the state failed to meet its burden of showing the voluntariness of the confession. However, because this issue was not properly preserved, we are not empowered to so hold. Ex parte Biddie, 516 So.2d 846
(Ala. 1987).
 II
Appellant's second contention addressed the trial court's comments to defense counsel during the trial, which he claims were prejudicial. In a discussion between the trial court and appellant's counsel, concerning an evidentiary ruling, the court stated the following: "So, I'm going to be right today. You may be right when you get to the appellate court, but I'm right today. Okay?" Appellant argues that these comments were prejudicial because they suggested that appellant would be convicted and have to appeal. Appellant did not object to the comments, and raises this issue for the first time on appeal. "If there are no objections to allegedly prejudicial remarks by the trial court, the remarks are not subject to review unless they are grossly improper." Miles v. State, 476 So.2d 1228,1235 (Ala.Cr.App.), cert. denied, 476 So.2d 1228 (Ala. 1985). See also Lokos v. State, 434 So.2d 818 (Ala.Cr.App. 1982). We have reviewed these comments and conclude that they were not grossly improper and had no influence on the outcome of the case. We find no prejudicial error here.
For the reasons set out above, this case is due to be affirmed.
AFFIRMED.
All Judges concur.
[1] We note that appellant is represented on appeal by different counsel from that which represented him at trial. The record shows that appellant was sentenced, gave notice of appeal, and was appointed a new attorney to represent him on appeal, all on January 15, 1988. We also note that no motion for a new trial was filed. The question of inadequate assistance of counsel was not raised below, and it is, therefore, not presently before us for review. *Page 793