TAYLOR, Judge.
The appellant, Otha Leverette, Jr., a resident of Florida, was convicted in district court for driving under the influence of alcohol and for possessing alcoholic beverages in a dry county, a violation of § 28-4-201, Code of Alabama 1975. He was sentenced to 30 days in jail for each offense and was fined a total of $300. This is a direct appeal from the district court pursuant to § 12-12-72(1), Code of Alabama 1975.
The evidence presented in district court tended to show the following: At approximately 11:30 p.m. on April 13, 1991, the Cullman County Sheriff’s Department received an anonymous call that a “large dark car” was being driven erratically on Interstate Highway 65 near the Good Hope area. Deputy James Stewart was dispatched. He arrived at the Good Hope exit at approximately 11:45 p.m. and parked in the Waffle House restaurant parking lot. Deputy Stewart testified that a woman came up to him in the parking lot, identified herself as the person who had reported the incident, and stated that the vehicle she had observed was at the service station across the street. Based on what the woman told him, Deputy Stewart proceeded across the street to the Good Hope Exxon service station where he watched the dark-colored Lincoln automobile driven by the appellant. Deputy Stewart stated that he saw the appellant get in the car and drive it around to the north side of the building. However, Deputy Stewart later conceded that his view was almost completely blocked by the gasoline pumps and that he could only see the appellant’s head and was not able to observe whether the appellant appeared intoxicated. After the appellant parked his vehicle, Deputy Stewart positioned his patrol car behind the appellant’s automobile. Deputy Stewart then confronted the appellant and administered field sobriety tests to him. Having failed the field sobriety tests, the appellant was taken into custody.
I
The appellant first contends that in order for a law enforcement officer to *732 make a lawful stop of a vehicle, he must first have an articulable and reasonable suspicion that the motorist is engaged in some unlawful activity, Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Therefore, the appellant suggests that because Deputy Stewart had not personally observed him acting or driving in an erratic or otherwise intoxicated manner, then any custodial stop by the deputy was illegal.
Although Deputy Stewart did not personally observe the appellant driving erratically, he did rely on a witness’s identification of the appellant’s vehicle before making the stop. Such reliance on an eyewitness’s identification provided a valid reason for stopping the appellant. See Reeves v. City of Montgomery, 466 So.2d 1041 (Ala.Cr.App.1985).
II
The appellant further maintains that the trial court erred by receiving his Intoxilizer 5000 test results into evidence, because the State failed to establish the required predicate before introducing such test results. No objection to the introduction of this evidence was made at trial. “An appellate court’s review on appeal is limited to matters seasonably raised in the trial court.” Ross v. State, 581 So.2d 495, 496 (Ala.1991). Therefore, this issue has not been preserved for our review.
III
The appellant finally contends that the evidence presented was insufficient to support his conviction for the possession of alcoholic beverages in a dry county in violation of § 28-4-201, Code of Alabama 1975.
Section 28-4-201, provides that:
“(a) It shall be unlawful for any person residing in or traveling through any dry county in this state to sell or offer to sell such alcoholic beverages to another or to have in his possession at any one time any amount of alcoholic beverages in excess of the quantity stipulated in section 28-4-200.” (Emphasis added).
Section 28-4-200 allows an individual to possess for personal consumption up to one case of beer in such counties. However, this section also provides “that no alcoholic beverages shall be kept, stored, or possessed in the passenger area of any vehicle or in the view of any passenger.” (Emphasis added.)
It has previously been determined in Alabama that for purposes of proving that alcoholic beverages were illegally transported through a dry county, it is not sufficient to merely present the arresting officer’s testimony that he seized cans or cartons labeled with a brand name associated with beer from the vehicle of the accused. Blackwell v. State, 42 Ala.App. 246, 160 So.2d 493 (1964). In Blackwell, the arresting officer testified that he seized 20 cases of “Falstaff” beer. However, the seized contraband was never produced at trial nor was any evidence presented that an analysis was performed to determine that it was indeed beer that was seized. In reversing Blackwell’s conviction, the appellate court held that:
“[the court] cannot notice or take judicial knowledge that ‘Falstaff beer cans and cartons’ express to a common intendment so as to dispense with bringing the claimed contraband before the [trier of fact] or of opening at least one can so as to test its contents both as to content and volume.”
Blackwell, 160 So.2d at 495.
In the present case, as in Blackwell, the only evidence presented at trial to suggest that the appellant was in violation of § 28-4-201 was Deputy Stewart’s testimony that he saw one open can of “Miller’s Best” on the floorboard and two unopened cans behind the driver’s seat of the appellant’s vehicle. Deputy Stewart testified that he seized these cans; however, they were not presented at trial or offered into evidence. Furthermore, no testimony was offered to establish that any of the suspect cans actually contained beer or, in fact, whether “Miller’s Best” is indeed a brand name for a line of malt or brewed beverages. Therefore, the evidence presented was insufficient to sustain the appellant’s conviction for possessing alcoholic beverages in a dry county.
*733 For the foregoing reasons, we affirm the appellant’s conviction for driving under the influence of alcohol. The district court is hereby ordered to vacate the appellant’s conviction for possessing alcoholic beverages in a dry county.
REVERSED IN PART; AFFIRMED IN PART.
All the Judges concur.