MONTIEL, Judge.
The appellant, Charles Lowe, was indicted for leaving the scene of a motor vehicle accident involving death, in violation of § 32-10-1, Code of Alabama 1975. The jury found the appellant guilty of the offense charged in the indictment. The appellant was sentenced to 12 years in prison and was ordered to pay restitution, attorney fees, and court costs.
The issue raised on appeal is whether the trial court erred to reversal in overruling the appellant’s motion to suppress a tape-recorded statement given to investigating officials.
I
The appellant first contends that a tape-recorded statement made during his interrogation was obtained in violation of Miranda and was not voluntary. Defense counsel moved to suppress the admission into evidence of the tape-recorded statement, alleging that the statement was not voluntary because, he says, Miranda warnings were defective and the appellant was intoxicated when he made the statement. After listening to the tape recording, the trial court found that the appellant was not so intoxicated that he did not knowingly waive his rights to remain silent and to have counsel present during questioning. The trial court further determined that the statement was voluntary and denied the appellant’s motion.
We hold that the trial court correctly determined that the appellant was not so intoxicated as to render the statement involuntary. Prior to questioning the appellant, the investigating officers read the appellant his Miranda rights and the appellant stated that he understood his rights. The appellant then stated that he would not sign a waiver of his rights and the following conversation transpired between the appellant and the officers:
“LOWE: I was saying, ‘It don’t make no difference, I ain’t signing.’ I’ll answer your questions.
“DOCIMO: If you agree to what I said and want to talk to us.
“LOWE: Oh, oh. I agree to that. But, that bottom line which you said, you know. Refresh me on that again.
“DOCIMO: Okay. Which one, Charles? “LOWE: Right there.
“DOCIMO: The waiver.
“LOWE: That’s right.
“DOCIMO: Okay. “I have read this statement of my rights and I understand what my rights are.” Okay.
“WELDON: Do you understand what your rights are?
“LOWE: No.
“WELDON: Okay. You don’t have to talk to us if you don’t want to. Anything you say can be used against you. Okay. You have the right to have a lawyer present when you are answering questions. “DOCIMO: The next statement says, T am willing to make a statement and answer questions.’ Okay? T do not want a lawyer present at this time. I understand and know what I am doing.’ Okay?
‘No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.’ In other words, it is saying that we haven’t threatened you or we haven’t promised you anything and that you’re talking to us willingly and that, if you decide you want an attorney present that you’ll stop talking to us and say, T want an attorney.’ And we’ll go [from] there.
“LOWE: You know, I’ll talk to you willingly. I mean, you know.
“DOCIMO: All right. If you agree with all that....
“LOWE: I’ll talk to you willingly. “DOCIMO: Okay, all you need to do is sign that right there.
“LOWE: I’ll talk to you willingly, whatever. I mean I ain’t got no lawyer or nothing and I feel like, you know, I’ll talk to you willingly. I ain’t, you know, see I’m facing a rap, ain’t nothing I can do but talk now. Like I got all night.”
Whether there was a waiver of the right to remain silent and the right to counsel, and whether that waiver, if any, was made knowingly and voluntarily must be decided from the particular facts of each case. Lewis v. State, 535 So.2d 228 (Ala.Crim.App.1988). A two-part analysis must be applied *1130 when determining the admissibility of a statement given by the accused while he is in custody; the court must first look to see if proper Miranda warnings were given, and then must determine if the statement was voluntary. Siebert v. State, 555 So.2d 772, aff'd, 555 So.2d 780, cert. denied, 497 U.S. 1032, 110 S.Ct. 3297, 111 L.Ed.2d 806 (1989).
A refusal to sign a written waiver of rights form, without more, does not preclude a knowing and intelligent waiver of the right to remain silent and the right to counsel. Davis v. State, 440 So.2d 1191 (Ala.Crim.App.1983), cert. denied, 465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984). Here, the record indicates that the appellant gave his statement and spoke with the investigating officers after they had properly explained his Miranda rights to him for a second time. At no time did the appellant state that he did not want to speak to the officers or that he wanted an attorney present. In fact, immediately after the officers read the waiver of rights form to the appellant for the second time, the appellant again responded that he would willingly talk to the officers.
In determining whether the appellant knowingly and intelligently gave his statement, we must look to the totality of the circumstances. Rogers v. State, 417 So.2d 241, 248 (Ala.Crim.App.1982) (citations omitted). The totality of the circumstances in this case establish that the appellant understood that he had the right to an attorney and the right to remain silent. With this understanding, the appellant was willing to and, in fact did, proceed with the interrogation. Under these circumstances, we conclude the appellant verbally waived his Miranda rights.
We next look to the voluntariness of the statement. The determination of a statement’s voluntariness and its admissibility is left to the discretion of trial court and its exercise of that decision will not be disturbed on appeal unless it is contrary to the great weight of the evidence. Uber v. State, 596 So.2d 608, 612 (Ala.Crim.App.1991); Stariks v. State, 572 So.2d 1301, 1304 (Ala.Crim.App.1990). The trial court, after listening to the tape-recorded statement, found that the appellant was not intoxicated or coerced into making the statement. The appellant was coherent and cooperative, and he spoke clearly, without hesitation. Based upon the evidence presented to us on review, we hold that the trial court’s determination was not contrary to the great weight of the evidence.
II
The appellant further argues that regardless of whether the statement was made voluntarily in compliance with Miranda, the motion to suppress should have been granted because the statement contained hearsay. Specifically, the appellant argues that, during the recording, the officers referred to actions allegedly taken or not taken by the appellant and to the findings of a forensic expert. The trial court allowed the jury to hear only a certain portion of the tape-recorded statement. In addition, the trial court properly gave the jury a limiting instruction by stating, in part:
“I’ve told you before that what the attorneys have to say is not evidence. Well, now, the statements made by the police officers is [sic] not evidence. Not to be considered by you in any shape, form, or fashion as in any way proving the matters that they say. Now, you distinguish carefully in your minds between what you’ve heard coming from the witness stand as sworn testimony and what the officers have to say in the course of interrogation. “Now, you can consider what they say for the purpose of determining whether the question is fairly stated, whether it’s fair to the defendant, whether it’s a fair presentation of factual matters that you’ve actually heard in evidence. But that’s the only significance of the question. Occasionally you might have to understand the question in order to understand the meaning of the answer. But don’t let any assertion or fact by the police officers during the course of interrogation be construed as proof of that fact. If the proof doesn’t exist independently of what they’ve said, then you ignore it....”
Defense counsel did not take exception to these limiting instructions.
*1131 We hold that these instructions effectively informed the jury as to the limited use of the tape recording. The trial court explained to the jury that what the police officers said on the tape was not to be construed as being offered for the truth of the matter asserted by the State and was not to be construed as evidence. Only the recorded statements made by the appellant were to be considered by the jury. The trial court even expounded upon this instruction at defense counsel’s request. Furthermore, the trial court required the State to produce testimony from the individuals the officers referred to in the tape, such as the forensic expert, prior to admitting a portion of the tape in evidence to be heard by the jury.
The only remaining question, then, is whether the statements made by the appellant constituted inadmissible hearsay so as to render the tape inadmissible. The appellant did not testify at trial. However, this court has held that “any conduct or declaration of a person having relation to the offense he is suspected of or charged with, indicating a consciousness of guilt, is admissible evidence against him.” Knox v. State, 571 So.2d 389, 391 (Ala.Crim.App.1990) (quoting Sparks v. State, 376 So.2d 834, 843 (Ala.Crim.App.1979). Also, “[t]he acts, declarations and demeanor of an accused before or after the offense whether part of the res gestae or not are admissible against him.” Id. (quoting Smoot v. State, 381 So.2d 668, 671 (Ala.Crim.App.1980). Here, the appellant made statements about the damaged condition of the vehicle he was driving when he allegedly struck the victim. He further discussed certain repairs he had made to his vehicle around the time the victim was killed. While the appellant denied his guilt during the recording of his statement, the trial court could have determined that the appellant made inculpatory statements, which would except the appellant’s recorded statement from the hearsay rule.
Furthermore, this court has upheld the principle that “ ‘any and every statement of an accused person, so far as not excluded by the doctrine of confessions ... or by the privilege against self-incrimination ... is usable against him as an admission.’” Ash-urst v. State, 462 So.2d 999, 1010 (Ala.Crim.App.1984) (citing United States v. Rouse, 452 F.2d 311, 313 (5th Cir.1971) (emphasis in Rouse). We agree with the trial court that the statement was made in compliance "with Miranda and that it was voluntary. Thus, the motion to suppress was properly denied and the statement was properly admitted. The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.