The appellant, Alex Roper, a/k/a David Wade, was convicted of rape in the first degree, sodomy in the first degree, and kidnapping in the first degree, violations of §§13A-6-61(a)(1), 13A-6-63(a)(1), and 13A- 6-43(a)(4), Code of Alabama 1975. He was sentenced on each count to life in the penitentiary without the possibility of parole, upon application of the Habitual Felony Offender Act.
 I
The appellant's first contends that the trial court erred in receiving into evidence what he argues was hearsay, citing three instances.
First, during the testimony of the nurse who was on duty in the emergency room when the victim was examined:
"Q Did she relate to you why she was there?
"A — Yes, she did.
"Q What did she tell you?
"A — Her . . .
 "MR. GARDNER [defense counsel]: Your Honor I object, that calls for hearsay, I think the fact of a complaint is admissible but not its details.
 "THE COURT: Counsel, I'm going to overrule your objection, but with this explanation to the Jury. What the young lady allegedly said or any other person in similar situations — normally what we call 'hearsay' testimony such testimony — is normally not allowed to be given in court.
 "Now I am not going to allow it for the purpose of proving that it was true or not true, but simply as the reason why the medical personnel down at the hospital did or didn't do what they did next."
As stated above, the trial court overruled the objection. The court also gave the jury an instruction concerning the admissibility of the evidence. The court gave examples of how the evidence presented was to be used, not for the truth of the matter asserted, but to show the reason for a person's actions. The court stated the following:
 "Let me give you an example that I sometimes use. If someone stuck their head in that door and hollered, 'Fire, fire, the courthouse is on fire!' and we all began to run and I knocked this young lady down and broke her leg while we were going out the door and she sued me for that, neither *Page 246 
one of us could prove that this person hollered, 'Fire' (indicating).
 "Now, it might well be that the courthouse was on fire, it might well be that simply an electrical cord was smoking, or it might be that somebody was pulling a practical joke. It wouldn't be offered for the purpose of proving the courthouse was on fire, but simply as the reason why she and I were running for the door.
 "Now, the testimony I'm getting ready to allow in, and there may be some other testimony, as I say is not allowed for the purpose of proving what the young lady said was true. It is being allowed only for the purpose of showing why they did what they did next.
 "In other words, I'll give you an example that doesn't apply. If the young lady had said, 'I fell out of the car and I think my leg is broken', then they would have started examining her leg. It wouldn't be offered for the proof of her falling out of the car and hurting her leg, but simply as the reason why the people took the next steps that they took. With that explanation, overruled."
The evidence was not hearsay because it was offered not to prove the truth of the matter asserted, but rather to explain the actions of the emergency room personnel. Sawyer v. State,598 So.2d 1035 (Ala.Cr.App.), cert. denied, 506 U.S. 943,113 S.Ct. 386, 121 L.Ed.2d 295 (1992). Testimony offered for a purpose other than to prove the truth of the matter asserted is either definitionally not hearsay or an exception to the general exclusionary rule regarding hearsay. See, e.g., C. Gamble, McElroy's Alabama Evidence, §§ 273.01, 273.02 (5th ed. 1996); Rules 801-807, Ala.R.Evid.; Enoch v. Firestone Tire Rubber Co., 534 So.2d 266 (Ala. 1988); Thomas v. State,461 So.2d 16 (Ala. 1984); Perry v. State, 455 So.2d 999
(Ala.Cr.App. 1984).
Also, the trial judge's thorough limiting instruction was more than adequate to explain to the jury the purpose for which the evidence was received. See Lowe v. State, 627 So.2d 1127
(Ala.Cr.App. 1993).
The hearsay issues regarding the second and third instances objected to by the appellant are not preserved for purposes of appellate review. The record reflects that the appellant objected to two more instances of alleged hearsay and on both occasions the objection was made after the witness had answered.
 "An objection to a question, made after an answer is given, is not timely and will not preserve the issue for review. Woods v. State, 437 So.2d 636
(Ala.Cr.App. 1983); Flowers v. State, 402 So.2d 1088
(Ala.Cr.App.), cert. denied, 402 So.2d 1094 (Ala. 1981)."
Scott v. State, 624 So.2d 230, 234 (Ala.Cr.App. 1993). The trial court did not err. Further, in each of these instances the trial court allowed the testimony for a limited purpose. There was no error in receiving this testimony into evidence at trial.
 II
The appellant further contends that the trial court erred in allowing a certain document to be received into evidence, i.e., a carbon copy of the bill of sale of a vehicle. The appellant insists that Rule 1002, Ala.R.Evid., requires an original writing. This rule states: "To prove the content of a writing, the original writing is required, except as otherwise provided by statute, these rules, or by other rules applicable in the courts of this state."
Initially, we observe that the appellant's trial was in December 1995. The Rules of Evidence were not effective until January 1, 1996; therefore, they have no application to the appellant's case.
Furthermore, we note that the document was correctly received into evidence. C. Gamble, McElroy's Alabama Evidence, § 225.01(2)(a) (5th ed. 1996), states:
 "If the conduct of the party or parties to a writing shows that it was intended that each of two or more duplicates or copies of the writing should be the equal of each other, then each of such duplicates is an original. This arises from the fact that the best evidence defines 'original' to include 'the writing itself or any counterpart intended to have the same effect by a person *Page 247 
executing or issuing it.' Consequently, any such duplicate may be introduced without satisfying the best evidence rule in the sense of producing or accounting for the unavailability of the original. This is true even though one of the duplicate originals is a top-sheet handwritten or typewritten duplicate and the others are carbon copy duplicates made by the same act of handwriting of typewriting. The key to whether an offered item constitutes a duplicate original is the intent of the executing or issuing party. . . ."
See Tolbert v. State, 450 So.2d 805 (Ala.Cr.App. 1984). The court, when accepting the carbon copy into evidence, stated:
 "The Court overrules your objection, it being the Court's understanding that although it appears to be a carbon copy of the original, the testimony indicates that it is in fact the identical same piece of paper that was furnished by Ms. Spurgeon [the owner of the vehicle] to Detective Cole on the occasion testified about and therefore is admissible even though it is not an original of the document itself."
The trial court committed no error in receiving the carbon copy into evidence.
 III
The appellant further contends that the trial court erred in not granting his motion for a mistrial because of comments made by the prosecutor concerning his failure to testify. The following occurred:
 "Ladies and gentlemen, the Defendant is charged with rape in the first degree, sodomy in the first degree, and kidnapping. The evidence is uncontroverted in this case."
Specifically, the appellant contends that he would have been the only witness who could have refuted the State's evidence in this case; therefore, he says, the state's reference to the fact that the evidence was uncontroverted was a comment on his failure to testify.
 " 'It should be noted initially that "[t]he grant or denial of a mistrial is a matter within the sound discretion of the trial court and will only be disturbed upon a showing of manifest abuse." Durden v. State, 394 So.2d 967 (Ala.Cr.App. 1980), cert. denied, 394 So.2d 977 (Ala. 1981); Wright v. State, 421 So.2d 1324 (Ala.Cr.App. 1982); Shadle v. State, 280 Ala. 379, 194 So.2d 538 (1967); Davis v. State, 457 So.2d 992 (Ala.Cr.App. 1984).' "
Brasher v. State, 555 So.2d 184, 191-192 (Ala.Cr.App. 1988), aff'd, 555 So.2d 192 (Ala. 1989)
Also, " '[a] prosecutor has the latitude to comment on the fact that the State's evidence is uncontradicted or has not been denied.' Beecher v. State, 294 Ala. 674, 682,320 So.2d 727, 734 (1975)." Smith v. State, 588 So.2d 561, 571
(Ala.Cr.App. 1991). As this court further stated in Smith:
 "The Alabama Supreme Court noted in Ex parte Dobard, 435 So.2d 1351, 1359 (Ala. 1983), cert. denied, 464 U.S. 1063, 104 S.Ct. 745, 79 L.Ed.2d 203 (1984):
 " ' "[W]here there is the possibility that a prosecutor's comment could be understood by the jury as reference to failure of the defendant to testify, § 6 [Const. of Ala. of 1901] is violated." Beecher v. State, 294 Ala. 674, 682, 320 So.2d 727, 734 (1975). Additionally we noted in Beecher:
 " ' "Where the State's evidence does stand uncontradicted, the prosecutor does have the right to point this out to the jury. In that circumstance the prosecutor could say: 'There has been no refutation of any of the evidence presented by the State'; or more simply, 'The State's evidence stands uncontradicted,' or other appropriate comment to like effect." Id.
 " 'We hold that the prosecutor's comments in question could not have been understood as being a reference to the defendant's failure to testify, but rather fall squarely within the approved bounds of Beecher.' "
588 So.2d at 571. (Emphasis in original.)
In the present case the record reflects that the prosecutor's comment was a permissible comment on the evidence, not on the appellant's failure to testify. The trial court did not err in denying the appellant's motion for a mistrial. *Page 248 
 IV
The appellant further asserts that the trial court erred by allowing a witness to testify concerning the contents of a photograph. The appellant, however, did not object until the witness had answered the question concerning the photograph. As stated previously, the objection must be made before the witness has answered. See Scott v. State, 624 So.2d 230, 234
(Ala.Cr.App. 1993).
However, even if the objection had been timely, the appellant's argument would fail. The appellant asserts that a witness testifying concerning the contents of a photograph would violate Rule 1002, Ala.R.Evid. As previously stated, the Alabama Rules of Evidence were not effective until January 1, 1996, and thus do not apply to the present case.
Moreover, Rule 1002 applies to writings — not photographs. "The best evidence rules applies to writings only." McElroy'sAlabama Evidence, § 212.01(3).
 V
The appellant also contends that the trial court erred by admitting evidence recovered pursuant to an inventory search. More specifically, the appellant argues that because the police department for the City of Albertville did not have a policy as to when an automobile was to be impounded, the evidence, a sweatsuit, recovered as a result of inventorying the automobile should be excluded.
The state contends that this issue is not preserved for appellate review because at the time that the item of evidence retrieved from the car was received at trial no objection was made. However, the following occurred:
 "MR. GARDNER [defense counsel]: All right. Judge, and for the record, Judge, I just — That is — I would move to suppress the fruits of the search of that Audi and that search only on the grounds that I've stated; that they don't have an impoundment policy, and they haven't shown that it was followed.
 "THE COURT: All right. But that you're not challenging — He's testified that they have a written policy which requires the search of impounded vehicles or the inventory of impounded vehicles.
"MR. GARDNER: Correct.
 "THE COURT: You're not challenging that. You're challenging their right to impound it.
 "MR. GARDNER: Yes. And, Judge, I'm saying that they don't have a policy that states under what circumstances they impound the vehicles in the first place.
 "I recognize that every vehicle that they impound they should inventory, so I'm not — You're exactly right there."
The record reflects that the appellant abandoned the vehicle in the middle of a two-lane road after the car caught fire. The record further reflects that the car did not belong to the appellant and that the Albertville Police Department seized the vehicle after obtaining consent from the owner to impound and consent to search the vehicle. Section 32-5A-139, Code of Alabama 1975, authorizes the impoundment of a vehicle when it is parked on a highway or "in such position or under such circumstances as to obstruct the normal movement of traffic." The vehicle here was correctly impounded pursuant to §32-5A-139.
Furthermore, the appellant, who had borrowed the car for a short period, has no standing to challenge the subsequent seizure of the evidence found in the vehicle because he had no expectation of privacy in the car. Rakas v. Illinois,439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).
 VI
Lastly, the appellant contends that he was denied hisSixth Amendment right to confront the witnesses against him. The right to confront one's accusers is guaranteed by the Alabama Constitution in Article I, Section 6. This section provides:
 "[I]n all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation; and to have a copy thereof; to be confronted by the witnesses against him . . . ."
(Emphasis added.) See also the Sixth Amendment to the United States Constitution. *Page 249 
The parameters of this right have been addressed by the United States Supreme Court in Delaware v. Fensterer,474 U.S. 15, 19-20, 106 S.Ct. 292, 294, 88 L.Ed.2d 15, 19-20 (1985), where the Court stated:
 " ' "The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." ' [Davis v. Alaska, 415 U.S. 308,] 315, 316, 94 S.Ct. [1105,] 1109-10, [1110, 39 L.Ed.2d 347, 342 (1974) ](quoting 5 J. Wigmore, Evidence § 1395, p. 123 (3d ed. 1940) (emphasis in original))."
See also Ross v. State, 555 So.2d 1179, 1181 (Ala.Cr.App. 1989).
The appellant contends that because a State's witness, Butch Cartee, had to be excused in the middle of his direct examination and taken to a hospital because of a medical emergency, his right to cross-examine this witness was violated. The record reflects that Cartee was in court the following morning to finish his testimony. The appellant argues in his brief that he did not get to "cross-examine the witness as he should have."
 "[T]he Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish."
Ross v. State, 555 So.2d 1179, 1181 (Ala.Cr.App. 1989) quotingDelaware v. Fensterer, 474 U.S. at 19-20, 106 S.Ct. at 294,88 L.Ed.2d at 19-20 (1985) (Emphasis in original.)
In the present case, the appellant had his opportunity to — and did — cross-examine Cartee. The delay was less than 24 hours while the witness was taken to the emergency room. No violation of the appellant's right to confront his accusers occurred here.
For the foregoing reasons, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.